[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
The plaintiff instituted the present action seeking to recover damages from defendant as a result of alleged false statements made by the defendant resulting in the arrest of the plaintiff. The plaintiff claims the criminal charges against him were dismissed but alleges that he suffered mental anguish and was required to employ a lawyer to defend himself against the charges.
The plaintiff has filed an affidavit stating that he conferred with representatives of Cummings and Lockwood, the attorneys for the defendant, with respect to the representation of the plaintiff CT Page 10566 by that firm for the defense of the criminal charges and with respect to that firm representing the plaintiff in the prosecution of the present action. The plaintiff states in his affidavit that he had several lengthy conferences with representatives of Cummings and Lockwood and that he disclosed the full details and background of the cases and displayed his full file of letters, documents, reports and transcripts.
While the plaintiff acknowledges that no attorney/client relationship existed between himself and Cummings and Lockwood, he has now moved to disqualify that firm from representation of the defendant. Representatives of Cummings and Lockwood have filed affidavits which acknowledge that some conferences took place but contest factual claims advanced by the plaintiff.
For the purposes of the present motion the court assumes, without deciding, that the factual claims made by the plaintiff are correct. However, even though no attorney/client relationship exists, obligations may arise as a result of an initial consultation. See, Rules of Professional Conduct, Practice Book, Scope Section; ABA/BNA Lawyer's Manual on Professional Conduct, 31:101 et. seq. (1989).
Reading the pro se plaintiff's affidavit most favorably to him, a factual issue may exist as to whether confidential information was transmitted during the conferences referred to so as to place the plaintiff in a more disadvantageous position then he would have been in if another law firm were involved in the litigation.
Accordingly, the plaintiff is entitled to an evidentiary hearing with respect to his Motion to Disqualify and the parties are directed to cause the case to be placed upon the Special Proceedings List.
RUSH, J.